IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| RREAF HOLDINGS, LLC, a Texas limited liability company, | Civil Action No. 2:23-cv-3397-BHH |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| ROBERT MALANUK, an individual; and SANTEE LAKES, INC., a South Carolina corporation, | |
| Defendants. | |

Plaintiff, RREAF Holdings, LLC ("RREAF"), sues ROBERT MALANUK ("Malanuk"), and SANTEE LAKES, INC. ("Santee Lakes"), and alleges as follows:

**JURISDICTION, PARTIES, AND VENUE**

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are completely diverse in citizenship and the amount in controversy in this action exceeds $75,000.00 exclusive of interest and costs.

2. Under 28 U.S.C. § 1391(b)(2), venue is proper in this district because a substantial portion of property that is the subject of the action is situated in this district.

3. At all times material hereto, Plaintiff, RREAF, has been a Texas limited liability company, and its members are citizens of Texas, Tennessee, and Florida.

4. At all times material hereto, Defendant Malanuk, has been a South Carolina citizen.

5. At all times material hereto, Defendant Santee Lakes, is a South Carolina citizen, incorporated in South Carolina with its principal place of business in South Carolina.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

6. RREAF is a privately held commercial real estate firm based in Dallas, Texas with a history of success in the acquisition, development, asset management, ownership, repositioning, and financing of complex real estate projects throughout the United States.

7. On or about October 20, 2022, RREAF negotiated and entered into a Real Estate Purchase Agreement (the "Agreement") with Defendants to purchase property in Clarendon County, South Carolina, comprised of land, improvements and associated assets, including a fee simple tract of approximately 38.16 acres (tax parcel 035-05-00-002) and a leasehold estate in a contiguous tract of approximately 3.16 acres (tax parcel 035-05-00-003), such property being more particularly described in the Agreement, a true and correct copy of which is attached hereto as **Exhibit "A."**

8. On or about November 2, 2022, under Section 2.2 of the Agreement, RREAF paid an initial deposit of $50,000.00 in earnest money to a third-party title company. On or about December 28, 2022, under Section 2.3 of the Agreement, RREAF paid to the title company an additional deposit of $50,000.00 in earnest money, for a total of $100,000.00 (collectively, "Deposit").[1]

9. On or about January 9, 2023, in accordance with Section 4.1 of the Agreement, RREAF properly notified Defendants and Defendants' counsel of title and survey objections, and Defendants' counsel acknowledged receipt thereof the same day. A true and correct copy of Buyer's Title Objections letter is attached hereto as **Exhibit "B."**

10. In pertinent part, Section 4.1 of the Agreement states:

> If the Commitment and/or the Survey disclose(s) exceptions or other matters not acceptable to Buyer in its sole discretion, Buyer shall notify Seller in writing of its

---

[1] Under Section 2.4 of the Agreement, Deposit is defined as the cumulative amount of earnest money on deposit with the title company including, but not limited to, the Initial Deposit and the Additional Deposit.

2

*objections* to such exceptions and/or other matters (the 'Title Objections') … If Seller fails to have all Title Objections deleted from the Commitment and/or Survey, or otherwise ***cured*** to Buyer's satisfaction, within ***fifteen (15) days*** after receipt of notice of such Title Objections from Buyer (excluding any Monetary Liens, which Seller shall discharge at or prior to Closing), Buyer may, within ***ten (10) days*** after the expiration of such 15-day period, by written notice to Seller: (a) ***terminate this Agreement and receive a refund of the Deposit***, in which event neither Seller nor Buyer shall have any further liability under this Agreement except for obligations that expressly survive termination of this Agreement; or (b) elect to waive such unremoved or uncured Title Objections and take title to the Property with such Title Objections (unless Buyer is able to get them removed prior to Closing; and provided, Monetary Liens shall be discharged by Seller). ***Failure by Buyer timely to notify Seller of Buyer's election to proceed under clause (a) or (b) of the preceding sentence shall be deemed an election by Buyer to proceed under clause (a)*** (***termination of this Agreement***).

Agreement at § 4.1 (emphasis added).

11.  During the 15-day cure period, Defendants failed to have all Title Objections deleted from the Commitment and/or Survey or otherwise cured to Buyer's satisfaction.

12.  After Defendants failed to take any action or otherwise cure the Title Objections, the Agreement terminated by its own terms on February 3, 2023. *See* Agreement at § 4.1 ("Failure by Buyer timely to notify Seller of Buyer's election to proceed under clause (a) or (b) of the preceding sentence shall be deemed an election by Buyer to proceed under clause (a) (termination of this Agreement")).

13.  On or about March 22, 2023, RREAF sent a release ("Release") to Defendants' counsel, executed by Plaintiff, for execution by Defendants. The Release recited the termination of the Agreement and authorized the title company to deliver the Deposit to Plaintiff (and to deliver the Independent Consideration of $100 to Defendants), pursuant to the Agreement.

14.  On or about March 24, 2023, Defendants' counsel communicated to Plaintiff's counsel, by email, the following: "I've sent [Robert Malanuk] the Release and expect to be able to

3

get it to you by the first of next week." As of the date of this filing, Defendants have breached the Agreement by refusing to execute and deliver the Release.

15. All general and statutory conditions precedent to bringing this action have been performed, have occurred, have been waived, or have otherwise been excused by the Defendants' actions.

## COUNT I
## BREACH OF CONTRACT
(Against Defendants Malanuk and Santee Lakes)

16. Plaintiff sues Defendants for damages that exceed $75,000.00 for breach of contract.

17. Plaintiff realleges, incorporates, and asserts by reference the allegations set forth above in Paragraphs 1 through 15.

18. Plaintiff and Defendants entered into the Agreement.

19. Defendants materially breached the Agreement under Section 4.1 of the Agreement by failing to sign the Release and authorizing the return of the Deposit.

20. As a direct and proximate result of Defendants' breaches, Plaintiff has suffered damages.

21. Under Section 31 of the Agreement, Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred in enforcing the Agreement.

22. Plaintiff has retained the firm of Byrd Campbell, P.A., agreeing to pay reasonable fees for its services.

WHEREFORE, Plaintiff demands judgment against Defendants for actual damages, interest, attorneys' fees, and costs.

## COUNT II
### VIOLATION OF SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT
### S.C. Code Ann. § 39-5, *et seq.*
(Against Defendants Malanuk and Santee Lakes)

23. Plaintiff sues Defendants for damages that exceed $75,000.00 for violation of South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5, *et seq* ("SCUPTA").

24. Plaintiff realleges, incorporates, and asserts by reference the allegations set forth above in Paragraphs 1 through 15.

25. Defendants' actions as stated above were taken in the course of trade or commerce as defined under SCUPTA.

26. Defendants' practices offend established public policy, are immoral, unethical, unscrupulous, and substantially injurious to consumers, and constitute deceptive and unfair practices.

27. As a direct and proximate result of Defendants' deceptive and unfair practices in violation of SCUPTA, Plaintiff has suffered injury.

28. Defendants knew or should have known that their conduct violated SCUPTA or would be in violation of SCUPTA.

29. Defendants' conduct constitutes a willful violation of SCUTA, entitling Plaintiff to actual damages, attorneys' fees, costs, and treble damages pursuant to S.C. Code Ann. § 39-5-140(a) in an amount to be determined by the trier of fact.

30. Plaintiff has retained the firm of Byrd Campbell, P.A., agreeing to pay reasonable fees for its services.

WHEREFORE, Plaintiff demands judgment against Defendants for actual damages, interest, attorneys' fees, costs, and treble damages.

ROBINSON GRAY STEPP & LAFFITTE, LLC

By:   s/Benjamin R. Gooding
      Benjamin R. Gooding (Fed. I.D. No.: 11897)
      Robert E. Tyson (Fed. ID No.: 7815)
      Post Office Box 11449
      Columbia, South Carolina 29211
      (803) 929-1400 Telephone
      (803) 929-0300 Fax
      bgooding@robinsongray.com
      rtyson@robinsongray.com

      and

BYRD CAMPBELL, P.A.

      Tucker H. Byrd*
      Scottie N. McPherson*
      180 Park Avenue North, Suite 2A
      Winter Park, Florida 32789
      Telephone: (407) 392-2285
      Facsimile: (407) 392-2286
      tbyrd@byrdcampbell.com
      smcpherson@byrdcampbell.com
      *Pro Hac Vice Forthcoming

      **Attorneys for Plaintiff RREAF HOLDINGS, LLC**

Columbia, South Carolina
July 17, 2023

6